Jody H. PENDERGRASS, Plaintiff,

v.

Robert D. HANNIGAN, Defendant.

No. 91–3105–S.

United States District Court,
D. Kansas.

March 6, 1992.

Jody H. Pendergrass, pro se.

Terry D. Hamblin, Office of Atty. Gen., Topeka, Kan., for defendant.

ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant Hannigan's motion for summary judgment. Plaintiff is currently incarcerated at the Hutchinson Correctional Facility (HCF) in Hutchinson, Kansas, and proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. He complains that he was subjected to cruel and unusual punishment, in violation of the eighth amendment, when he was forced to work outside during dangerously cold conditions from October 1990 through January 1991. Plaintiff also indicates that if he had complained of the working conditions, he would have been transferred, without due process, to a less desirable correctional facility. Plaintiff seeks monetary damages, and declarative and injunctive relief. The only defendant named in the action is Robert Hannigan, the warden of HCF.

Defendant Hannigan filed an answer, accompanied by an investigatory *Martinez* report, as requested by the court. Defendant Hannigan also filed a motion for summary judgment in which he claims that plaintiff has failed to state a claim upon which relief may be granted; that defendant Hannigan is entitled to sovereign immunity and qualified immunity from an award of damages; and that plaintiff is not entitled to declarative or injunctive relief under the facts plead. Plaintiff filed no response to the motion for summary judgment.

Having carefully reviewed the entire record, the court finds defendant is entitled to summary judgment.

Plaintiff complains that he was not provided with adequate winter clothing during these months. Although the court accepts plaintiff's evidence regarding the weather conditions during the complained of months, the court finds plaintiff's claim, standing alone, is not enough to state a claim of cruel and unusual punishment. Plaintiff does not dispute the information provided in the *Martinez* report regarding the clothing issued and available to inmates during winter work.[1] Plaintiff's allegations do not demonstrate the requisite standard that defendant Hannigan was deliberately indifferent to plaintiff's need for additional protection from the cold. *See Wilson v. Seiter,* — U.S. —, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (prisoner bringing eighth amendment claim must show defendants acted with deliberate indifference to challenged conditions).

Next, plaintiff complains that *if* he had complained about the weather conditions, he would have been disciplined for refusing to work, and would have been summarily transferred without due process guarantees being observed. The court finds this claim to be speculative and not properly before this court. The record reflects that during the complained of four month period, plaintiff did not receive any disciplinary reports for refusing to work.[2]

In sum, the court finds plaintiff's allegations fail to set forth a claim of constitutional error, and that defendant's motion for summary judgment should be granted.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted, and that all relief requested by plaintiff is denied.

1. HCF regulations state that "Inmates assigned to outside work assignments shall be issued appropriate protective clothing including coats, gloves, caps, longjohns, coveralls or overshoes." KSIR General Order 012–105–22 Minimum Security Facility (MSF) Clothing, Section e, number 11.

2. Defendant outlines the disciplinary procedure followed in sending plaintiff to HCF, but the court finds plaintiff's due process claims do not involve that disciplinary proceeding.